UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BERGER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18-cv-586-DDN |
| DOUG PRUDDEN, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On April 12, 2018, petitioner Michael Berger filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon initial review, the Court noted that petitioner had failed to sign the petition, and that it therefore failed to comply with either Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, or with Rule 11 of the Federal Rules of Civil Procedure. The Court also noted that petitioner had not prepared the petition using the Court's form. On April 19, 2018, the Court entered an order directing petitioner to submit a signed amended petition on a Court form. The order specifically stated that petitioner's failure to timely comply could result in the dismissal of his case without further proceedings. Petitioner's response was due to the Court on May 17, 2018, but to date he has neither complied nor sought additional time to do so.

The Federal Rules of Civil Procedure give this Court discretion to dismiss a case due to failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b); Rule 12 of the Rules Governing Section 2254 cases in the United States District Courts (the Federal Rules of Civil Procedure apply to § 2254 habeas proceedings, to the extent they are not inconsistent with any statutory provisions or rules governing habeas cases). While the Court recognizes that petitioner

is proceeding *pro se*, such status does not excuse petitioner from following procedure. *See Faretta v. California*, 422 U.S. 806, 834 (1975); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (*per curiam*).

Petitioner was given clear instructions and meaningful notice of what was expected, he was cautioned that his case could be dismissed if he failed to timely comply, and he was given ample time to comply. This case will therefore be dismissed without prejudice due to petitioner's failure to prosecute his case, and his failure to comply with this Court's April 19, 2018 order. Fed. R. Civ. P. 41(b); *see also Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (*per curiam*) (district court did not abuse its discretion in dismissing action without prejudice when the *pro se* plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8"); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Michael Berger's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 20th day of June, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE